## Appeal of RAY F. MUDD MOTOR CO.

Docket No. 1192.    Submitted June 29, 1925.    Decided February 9, 1926.

1. Liability incurred within the year for premiums on insurance policies effective during the year is properly deductible as business expenses in the year in which the liability was incurred, where the taxpayer's books of account are kept on the accrual basis.

2. The reasonable allowance for wear and tear and exhaustion of certain assets determined.

3. Evidence *held* insufficient to show that certain items treated on the taxpayer's books as capital expenditures were ordinary and necessary business expenses.

*D. E. Currier, C. P. A.,* for the taxpayer.
*B. G. Simpich, Esq.,* for the Commissioner.

### Before Ivins and Marquette.

This appeal involves additional income and profits taxes for the years 1919 and 1920, in the amount of $3,448.81, and an overassessment for the year 1921 in the amount of $902.09.

#### FINDINGS OF FACT.

The taxpayer is an Illinois corporation, with its principal office at Chicago, and it is, and was during the years 1919 to 1921, inclusive, engaged in selling Ford and Lincoln automobiles and service parts therefor. Its books of account are, and were during the years named, kept on the accrual basis.

The taxpayer, during the years 1919, 1920, and 1921, purchased from J. A. Mudd, Jr., an insurance agent, large amounts of insurance on its stock of automobiles and equipment. The amount of the premium on each policy of insurance was accrued on the taxpayer's books in the year in which the insurance was purchased, and was also charged to the taxpayer on the books of the insurance agency, but frequently payment was not actually made until the following year. During the years 1919, 1920, and 1921, the taxpayer entered on its books of account premiums on insurance purchased in those years, in the amounts of $5,541.51, $4,912.39, and $5,640.84, respectively. These amounts were deducted as business expenses in the taxpayer's returns for the years mentioned. The Commissioner, upon audit of the returns, allowed as deductions in each year only so much of the cost of the insurance in question as was actually paid in that year.

The Commissioner, upon audit of the taxpayer's returns for the years 1919, 1920, and 1921, allowed deductions for depreciation on small tools, computed at the rate of 10 per cent per annum, and on service trucks and "lesson" cars, commonly known as demonstra-

tors, at the rate of 25 per cent per annum. The small tools used by the taxpayer in its business had a very short life and had to be constantly replaced; a considerable part of them was lost each year, and their average life was not to exceed three years. The "lesson" cars were used by the taxpayer in teaching its customers to drive and operate cars purchased by them, and were almost continuously operated by inexperienced drivers. They were subjected to unusually hard service and were driven as many miles in one year as cars ordinarily cover in several years. The average life of these cars was not to exceed two years. Service trucks were used by the taxpayer to haul in wrecked and disabled cars and trucks. They were required to be maintained at a high degree of efficiency, in order to be powerful enough to pull loaded trucks out of ditches, and were only serviceable to the taxpayer for periods of 6 to 18 months. The average life of the service trucks was not to exceed 2 years.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact and the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

MARQUETTE: The taxpayer's books were kept on the accrual basis, and it accrued thereon its liability incurred during each of the years in question for premiums on insurance purchased during those years. It does not appear that any of this insurance extended over a period longer than one year. They constituted ordinary and necessary business expenses in each of the years in question, and must be allowed as deductions from gross income in the years in which accrued.

The evidence satisfies us that a reasonable allowance for the wear and tear and exhaustion of the small tools used in the taxpayer's business is 33⅓ per cent, and that a reasonable allowance for the wear and tear and exhaustion of the "lesson" cars is 50 per cent.

The taxpayer alleged in its petition, and it claimed at the hearing, that certain items of expense had been charged to its capital assets account in the amounts of $2,069.09 in the year 1919 and $3 in the year 1921, and that these amounts should be allowed as deductions from gross income in those years. At the hearing the taxpayer offered certain exhibits, which R. F. Mudd, general manager of the taxpayer, testified were copies of original entries on the taxpayer's books. Objection was made by the counsel for the Commissioner to the introduction of these exhibits, for the reason that the taxpayer's witness was unable to verify or substantiate the various items contained therein. In order to determine the character of these items,

it was agreed between the taxpayer and the Commissioner that the exhibits should be sent to a revenue agent for comparison with the taxpayer's books, in order that a stipulation might be entered into by the taxpayer and the Commissioner as to the facts. The exhibits were sent to a revenue agent, who visited the taxpayer's place of business and compared them with the taxpayer's books of account. The agent reported that some of the exhibits consisted of copies of entries found on the taxpayer's books and correctly entered thereon, and that others appeared to be recapitulations from entries on the books. He also reported that the taxpayer refused to permit him to examine the books, in order to ascertain whether or not there were any offsetting entries to the various entries contained in the exhibits, and that it was not possible for him to ascertain whether or not the items in question represented capital expenditures or ordinary and necessary business expenses, inasmuch as there were no invoices from which to check. Under the circumstances, we are unable to determine whether the items are properly ordinary and necessary business expenses or capital expenditures, and we must, therefore, confirm the action of the Commissioner with respect thereto.

The taxpayer in its petition claimed that certain State and county taxes had been improperly treated by the Commissioner in ascertaining its net income. No evidence was presented showing the amount of the taxes or when they became a liability, and, in the absence of such proof, the Commissioner's determination thereon is approved.